[Doc. No. 8]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

DENNIS MAURER,                          :
                                        :
            Plaintiff,                  :
                                        :
    v.                                  :      Civil No. 13-6494 (JHR/JS)
                                        :
SHIVA – EGG HARBOR, INC.,               :
                                        :
            Defendant.                  :
_____:

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's "Verified Application for Attorneys' Fees, Litigation Expenses, Expert Fees and Costs" [Doc. No. 8]. Plaintiff seeks attorneys' fees and costs pursuant 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d) as a result of a default judgment entered against defendant on May 7, 2014. See Order of May 7, 2014 [Doc. No. 6]. No opposition was filed to plaintiff's motion. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. Plaintiff requests a total award of $13,939.75. For the reasons to be discussed, plaintiff's motion is GRANTED in part and DENIED in part. Plaintiff will be awarded the total amount of $13,173.25.

**BACKGROUND**

1

Plaintiff commenced this action on October 29, 2013 pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12. See generally Compl. [Doc. No. 1]. Plaintiff alleges that defendant, the owner of a shopping center, a public accommodation within the meaning of 28 C.F.R. § 36.201, violated state and federal law by placing architectural barriers which prevented plaintiff and other disabled persons from using the goods and services offered to the public at the property. Compl. ¶¶ 5-6.

On December 30, 2013, plaintiff filed a request for entry of default against defendant which was entered by the Clerk. [Doc. No. 4]. Plaintiff moved for a default judgment on March 27, 2014. [Doc. No. 5]. On May 7, 2014 the Honorable Joseph H. Rodriguez entered an Order granting default judgment. In relevant part, Judge Rodriguez ordered:

> The Defendant, Shiva-Egg Harbor, Inc. shall comply with all sections of the Americans With Disabilities Act, 42 U.S.C. § 12181, the Standards for Accessible Design ("2010 Standards"), as promulgated by the U.S. Department of Justice, 28 C.F.R. Chapter 1, Part 36, App. A, as specifically set forth in the Plaintiff's Complaint and the Affidavit of Plaintiffs expert, Gene C. Mattera of AccesSolution.com, Inc. at the Harbortowne Plaza located at 6090 Black Horse Pike, Egg Harbor Township, NJ 08234 in Atlantic County, in the State of New Jersey.

May 7, 2014 Order. Defendant was given three months to comply with the Order. Id. at 2. The Order additionally specified plaintiff would be entitled to recover attorneys' fees, litigation expenses, costs and expert fees from defendant. Id. at 3.

**DISCUSSION**

Plaintiff seeks attorneys' fees pursuant to 42 U.S.C. §12205 which states:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, ....

In order to recover attorneys' fees pursuant to this statute, a plaintiff must be a prevailing party. See Buckhannon Bd. v. West Virginia D.H.H.R., 532 U.S. 598 (2001). A plaintiff is a prevailing party if it is "awarded some relief" by the court and it achieved a material alteration in the legal relationship of the parties. Id. at 603-05. The entry of default against plaintiff results in plaintiff obtaining prevailing party status. See Petros v. U.S. 23 Drive In Theater, Inc., C.A. No. 12-14975, 2013 WL 3941372, at *1 (E.D. Mich. July 31, 2013); Raetano v. Msawel, C.A. No. 8:12-1625, 2013 WL 1465290, at *1 (M.D. Fla. Apr. 11, 2013); Shariff v. Alsaydi, C.A. No. 11-CV-6377, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013); Garcia v. Tariq, C.A. No. 2:06-826, 2007 WL

3

2492614, at *2 (E.D. Cal. Aug. 30, 2007). Therefore, plaintiff is the prevailing party in this matter.

Next, the Court must determine what constitutes a reasonable amount of fees to be awarded. Reasonable attorneys' fees are computed by multiplying the reasonable hourly rate by the reasonable number of hours expended, an amount known as the lodestar. In calculating the lodestar, the Court must "carefully and critically evaluate the hours and the hourly rate put forth by counsel." Blakey v. Continental Airlines, Inc., 2 F.Supp. 2d 598, 602 (D.N.J. 1998) (quotation omitted). The party seeking a fee is required to submit evidence to support the reasonableness of its request. Id. Thus, here, plaintiff bears the burden of proof as to the reasonableness of the claimed hourly rate and hours worked. Interfaith Comm. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005).

"It is the general rule that a reasonable hourly rate is calculated according to the prevailing market rates in the community." P.N. v. Clementon Bd. of Educ., 2007 WL 1186552, at *2 (D.N.J. April 20, 2007) (citing S.D. v. Manville Bd. of Educ., 989 F.Supp. 649, 656 (D.N.J. 1998)). This burden is normally addressed by affidavits prepared by other attorneys in the relevant legal community. Id. The relevant market is what attorneys with comparable experience bill per hour in southern New Jersey. See L.J. ex rel. V.J. v. Audobon Bd. of Educ., C.A. No. 06-5350 (JBS),

4

2009 WL 995458 (JBS), at *11 (D.N.J. April 13, 2009) (citations omitted) (rejecting an affidavit from a Philadelphia attorney because the rates charged in a large metropolitan area are likely to be higher than those charged by attorneys practicing in Southern New Jersey). Plaintiff has not provided any affidavits, but only the resumes of John F. Fuller and Alan R. Ackerman. See Pl.'s Br. Ex. B.

After the Court decides the appropriate hourly rate to award, the Court then must decide whether hours were reasonably expended. To do this the Court must examine the record to determine that the hours billed are not "unreasonable for the work performed." Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996) (citation omitted). The higher the hourly rate charged by an attorney based upon his or her skill and experience, the shorter the time it should take the attorney to perform a particular task. Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F.Supp. 2d 480, 490-91 (D.N.J. 1998) (citation omitted); Deptford Twp. Sch. Dist. v. H.B. ex rel. E.B., C.A. No. 01-784 (JBS), 2006 WL 3779820, at *5 (D.N.J. Dec. 21, 2006); P.N., 2007 WL 1186552, at *2. General education or background research should not be charged to the client. Spectrum Produce Distributing, Inc. v. Fresh Marketing, Inc., C.A. No. 11-06368 (JBS), 2012 WL 2369367, at *7 (D.N.J. June 20, 2012) (citation omitted). Further, time to

perform clerical work should not be billed at an attorney's hourly rate. Id. at *8.

   As noted by the Third Circuit, "the burden remains on the party requesting the fee to prove its reasonableness, and the court has a positive and affirmative function in the fee fixing process, not merely a passive role." Interfaith, 426 F.3d at 713 (internal quotations and citations omitted); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001) (internal quotation omitted). To the extent there is a doubt as to the amount of fees to be awarded, the doubts should be resolved against an award of fees. Spectrum Produce, 2012 WL 2369367, at *8. "This is because the party seeking to recover attorneys' fees bears the burden of establishing its right to them." Veneziano v. Long Island Pipe Fabrication & Supply Corp., 238 F.Supp. 2d 683, 695 (D.N.J. 2012). Attorneys requesting fees must document with specificity the hours for which reimbursement is sought. Washington, 89 F.3d at 1037; Deptford Twp., 2006 WL 3779820, at *4. The burden is on the attorney to maintain records that permit the reviewing court to assess their recoverability. Hensley, 461 U.S. at 437. If the documentation of hours is inadequate, the court may reduce the award. Id. A court must do more than a cursory review of billing records and must "go line, by line" through the billing records supporting the fee request. P.N., 2007 WL 1186552, at *2 (citation omitted).

Turning to the specifics of the instant application, plaintiff seeks a rate of $375 for John P. Fuller, Esquire ("Fuller") and $425 for Alan R. Ackerman, Esquire ("Ackerman"). In support of their proposed rates, plaintiff attached only the resumes of Fuller and Ackerman. See Pl.'s Br. Ex. B. In a previous recommendation in 2012, where Ackerman and Fuller sought the same rates, this Court determined that $360 per hour was a reasonable rate for both attorneys. See Access 4 All, Inc. v. Boardwalk Regency Corp., C.A. No. 08-3817 (RMB/JS), 2012 WL 3627775, at *6 (D.N.J. June 28, 2012), report and recommendation approved, 2012 WL 3228748 (D.N.J. Aug. 3, 2012). Plaintiff's attorneys have not cited one New Jersey ADA or NJLAD case where their proposed rates were awarded. Accordingly, the Court finds plaintiff has not satisfied the burden of proving that the proposed rates are reasonable and appropriate.

Having determined that plaintiff did not satisfy the burden as to the proposed rates, the question becomes what rates are appropriate. To answer this question the Court must use its discretion to determine the market rate. Loughner v. Univ. of Pittsburg, 260 F.3d at 180 ("Having rejected the prevailing party's evidence of rates, the District Court was free to affix an adjusted rate."). As an initial matter, the Court finds that both attorneys have similar experience and finds no reason to differentiate the rates. The Court previously determined that $360 was an appropriate

7

rate for Fuller and Ackerman. _Access 4 All, Inc. v. Boardwalk Regency Corp._, 2012 WL 3627775, at *6. As $360 per hour is still a reasonable rate, the Court will again apply that rate here.

Having determined the reasonable rate, the Court now turns to determine if plaintiff's claimed hours were reasonably spent. A prevailing party is not automatically entitled to compensation for all the time spent working on a case.  The burden of establishing the reasonableness of the number of hours spent on a case is on plaintiff as the party requesting an award. _S.A. v. Riverside Delanco School Dist. Bd. of Educ._, C.A. No. 04-4710 (RBK), 2006 WL 827798, at *5 (D.N.J. March 30, 2006). A court may reduce hours if the attorney's time records are sloppy and imprecise and "fail to document adequately how he or she utilized large blocks of time." _L.J. ex rel. V.J._, 2009 WL 995458, at *17 (citation omitted). Hours spent that are excessive, redundant and otherwise unnecessary are not compensable. _Interfaith_, 426 F.3d at 711. For example, "the wasteful use of highly skilled and highly priced talent for matters easily delegable to nonprofessionals or less experienced associates will not be tolerated." _Microsoft Corp. v. United Computer Resources of New Jersey, Inc._, 216 F.Supp. 2d 383, 392 (D.N.J. 2002) (citation and quotation omitted). Additionally, "[the] Court will not allow an award of fees based on attorneys unreasonably performing the same work, the performance of unnecessary work, or expending an unreasonable number of hours on

simple straightforward tasks." Perez v. Midland Funding LLC, C.A. No. 09-6407 (SDW), 2011 WL 5156869, at *5 (D.N.J. Aug. 11, 2011) report and recommendation adopted, 2011 WL 5127767 (D.N.J. Oct. 27, 2011). The Court will also exclude hours that are not reasonably expended because of excessiveness, redundancy or lack of necessity. Mosaid Tech. Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 597 (D.N.J. 2004).

The Court reviewed in detail all of Fuller and Ackerman's time sheets and costs. This is consistent with the Court's obligation to "go line, by line, by line" through the billing records supporting the fee request. Evans v. Port Authority of New York and New Jersey, 273 F.3d 346, 362 (3d Cir. 2001). After conducting a searching analysis of the time expended, totaling only 23 hours for the entire case divided between two attorneys, the Court determines that the hours claimed are reasonable for the work performed.

As to time claimed by experts, the moving attorney also bears the burden to justify the time claimed. Interfaith, 426 F.3d at 714 ("the district court has the obligation to conduct a thorough and searching review of the time claimed by a prevailing party's experts"). The Court will apply the same legal principles discussed above to the claimed hourly rate and hours requested by plaintiff's expert. Plaintiff seeks reimbursement for the expert services of Gene C. Mattera of AccessSolution.com, Inc. In support of the award

9

of expert fees, plaintiff submitted only Mattera's resume and invoices. See Pl.'s Br. Ex. C. Mattera's expert fee totals $3,200, which includes a reinspection fee of $600 for the location at issue. Reinspection fees are compensable in ADA cases. See Fox v. Cohen Ventures, LLC, C.A. No. 08-81052, 2009 WL 1393348, at *7 (S.D. Fla. May 15, 2009) ($350 reinspection fee reimbursable under the ADA); Spalluto v. Trump Int'l Hotel & Tower, C.A. No. 04-7497, 2008 WL 4525372, at *19 (S.D.N.Y. Oct. 2, 2008) ($750 reinspection fee reimbursable under the ADA but reduced by 25% for lack of documentation). Reinspection fees are important to civil rights cases because they enable the monitoring of compliance with a court's order. See Harty v. Mal-Motels, Inc., C.A. No. 6:10-1333, 2012 WL 6541873, at *9 (M.D. Fla. Nov. 26, 2012), report and recommendation adopted, 2012 WL 6535212 (M.D. Fla. Dec. 14, 2012) (permitting $350 reinspection fee "to confirm that the ADA violations have been corrected"). The Court thus finds the expert fee of $3,200 (including the $600 reinspection fee) is reasonable under the circumstances and will not deduct any time nor adjust the rate. See Access 4 All, 2007 WL 655491, at *9 (awarding expert fees of $6,737.50 for a similar expert analysis).

Additionally, the authority to award reasonable attorneys' fees "includes the authority to award reasonable out-of-pocket expenses ... normally charged to a fee-paying client in the course of providing legal services." Planned Parenthood of Cent. New

10

Jersey v. Attorney Gen. of State of New Jersey, 297 F.3d 253, 267
(3d Cir. 2002). The Court finds the claimed administrative, filing,
and process fees are reasonable with one exception.[1] There is no
explanation of the "Open/Close File Charge" of $225. Thus, this
charge will be disallowed. See Disabled Patriots of Am., Inc. v.
Taylor Inn Enterprises, Inc., 424 F. Supp. 2d 962, 969 n.11 (E.D.
Mich. 2006) (finding Fuller's "Open/Close File Charge" excessive).
Thus, the total permissible administrative fees (aside from the
expert fees) total $1,657.25.

The following charts summarize the Court's final computation
of the fees and costs recoverable by plaintiff's attorneys.

**Chart 1- Billable Hours**

|  | Total Hours Expended | New Hourly Rate | Dollar Value Recoverable |
|---|---|---|---|
| Fuller | 19.2 | $360/hr | (19.2 x $360) = $6,912.00 |

---

[1]   In its motion, plaintiff claims to have incurred $3,200 in
expert fees and $1,882.25 in costs for a total administrative cost
of $5,082.25. Pl.'s Br. at 14. These administrative costs are
reflected on Fuller's billing submissions. Plaintiff does not
claim Ackerman's administrative costs. Even if plaintiff did claim
Ackerman's administrative costs, $400 of the $533 claimed would be
duplicative of Fuller's submission. Still, the Court will not
consider what plaintiff did not claim.

| Ackerman | 3.9 | $360/hr | (3.9 x $360) = $1,404.00 |
|---|---|---|---|
| Total | 23.1 | | **$8,316.00** in fees |

**Chart 2 - Expenses**

| | Expenses Claimed | Expenses Deducted | Allowable Expenses |
|---|---|---|---|
| Fuller | $5,082.25 (includes expert fees) | $225 (opening file charge) | $4,857.25 |
| Ackerman | None | – | – |
| Total | | | **$4,857.25** in expenses |

    Thus, the total amount recoverable is $13,173.25 ($8,316 plus $4,857.25).

**CONCLUSION**

    In conclusion, and for all of the foregoing reasons,

    IT IS on this 18th day of November 2014 hereby

    ORDERED that plaintiff's "Verified Application for Attorneys' Fees, Litigation Expenses, Expert Fees and Costs" [Doc. No. 8] is GRANTED in part and DENIED in part; and it is further

ORDERED that defendant shall pay plaintiff's attorneys' fees and costs in the total amount of $13,173.25.[2]

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

[2]    According to the Court's calculation, a total of $766.50 ($13,939.75 - $13,173.25) was deducted from plaintiff's total claim. This results in a net reduction of approximately 5.5% of plaintiff's claim.